**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KENNETH ALLEN WALTERS and | ) | Case No. 08-31073 |
| BILLIE EILEEN WALTERS, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| DON GRINDLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09-3005 |
| | ) | |
| KENNETH ALLEN WALTERS and | ) | |
| BILLIE EILEEN WALTERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On February 26, 2009, the Plaintiff, Don Grindle, Inc., filed a complaint against the Debtors-Defendants, Kenneth Allen Walters and Billie Eileen Walters, seeking a determination that a debt reflected in an $80,967.17 state-court judgment for fraud is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(B) and (a)(6). The Plaintiff now seeks summary judgment on the § 523(a)(2)(B) prong of its complaint based on the application of collateral estoppel to the state-court judgment.

In support of its motion for summary judgment, the Plaintiff submitted, among other things, a copy of the state-court judgment and an affidavit from Don Grindle, the owner and president of Don Grindle, Inc., stating the factual basis for its claims against the Defendants. The Defendants do not dispute any of the facts asserted by the Plaintiff. Their sole challenge to the Plaintiff's motion is that the state-court judgment allegedly lacks a finding critical to a § 523(a)(2)(B) action, namely that the Defendants acted with an "intent to deceive" the Plaintiff.

For the reasons stated below, the Court finds that the state-court judgment establishes all of the elements necessary for a finding that the Defendants' debt to the Plaintiff is nondischargeble under § 523(a)(2)(B).

**STANDARD OF REVIEW**

    Summary judgment is appropriate when the pleadings, discovery, and disclosure material on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[1] In a motion for summary judgment, the moving party has the initial burden of demonstrating the absence of genuine issues of material fact.[2] Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion.[3]

**STATEMENT OF FACTS**

    The only background relevant to the Plaintiff's motion pertains to the state-court judgment that the Plaintiff contends is entitled to collateral estoppel in the present action.

    On October 16, 2003, the Plaintiff initiated a lawsuit in the Circuit Court of Stone County, Missouri, against the Defendants to recover damages allegedly caused by the Defendants' fraud.[4] The petition alleged, *inter alia*, that the Defendants defrauded the Plaintiff by providing false financial information in connection with the Plaintiff's purchase of a business from the Defendants. The Defendants actively defended the lawsuit, and the Plaintiff and the Defendants were both present and represented by counsel at a trial on March 20, 2006.

    On July 1, 2008, the Circuit Court entered judgment in favor of the Plaintiff. The court ruled in pertinent part:

> The Court further finds that Defendants made express representations regarding the financial condition of the business they sold to Plaintiff, intending that Plaintiff rely on the representations in Plaintiff's purchase of the business. The Court finds the representations made by Defendants were false and that Defendants knew or should have known they were false at the time they were made. The Court finds that the false representations made by Defendants were material to Plaintiff's purchase of the business and that Plaintiff's reliance on the representations made by Defendants was reasonable and that in so relying, Plaintiff exercised that degree of care that was reasonable in Plaintiff's situation.

---

[1] Fed. R. Bankr. P. 7056.

[2] *Id*.; 477 U.S. at 323.

[3] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

[4] Case No. 39V050200448.

The Court further finds that as a direct result of Defendants' false representations, that Plaintiff was damaged in the amount of $65,200.00 (sales price less the amount received from sale of business assets), and incurred reasonable attorney [sic] fees and expenses in the amount of $15,717.17 for which the Defendants agreed to indemnify the Plaintiff under these circumstances.

The Defendants filed a Chapter 7 bankruptcy petition on November 25, 2008, and the Plaintiff filed this adversary proceeding on February 26, 2009.

## DISCUSSION

Whether a state-court judgment is entitled to preclusive effect in federal court is determined by reference to the law of the state where the judgment was rendered.[5] Therefore, the Court looks to Missouri law to determine the preclusive effect of the judgment ("Judgment") entered by the Circuit Court of Stone County.

In Missouri, collateral estoppel requires four criteria to be met before the prior proceeding has a preclusive effect: (1) the issue decided in the prior adjudication is identical with the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.[6]

As noted above, the Defendants' only argument against the Plaintiff's motion is that the Judgment lacks a finding that the Defendants acted with an "intent to deceive," as required by 11 U.S.C. § 523(a)(2)(B).[7] In terms of the requirements of collateral estoppel, the Defendants are essentially arguing that the issue decided in the prior adjudication is not identical with the issue presented in the present action. This argument is without merit.

Under § 523(a)(2)(B) a debt will be excepted from discharge if a court finds that it was incurred: (1) by the use of a statement in writing, (2) that is materially false, (3) respecting the debtor's or an insider's financial condition, (4) on which the creditor to whom

---

[5] *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

[6] *Shahan v. Shahan*, 988 S.W.2d 529, 531 (Mo. 1999).

[7] Even in absence of a challenge, the Court finds that the Circuit Court judgment does, indeed, meet the other three requirements for the application of collateral estoppel under Missouri law.

the debtor is liable for such money, property, services, or credit reasonably relied; and (5) that the debtor caused to be made or published with intent to deceive.[8]

The Judgment establishes all of these elements. Most germanely, the state court's specific finding that "the representations made by Defendants were false and that Defendants knew or should have known they were false at the time they were made" is equivalent to a finding that the Defendants had the intent to deceive. Knowledge of the falsity of the information or reckless disregard for the truth satisfies the intent element of § 523(a)(2)(B).[9]

Therefore, the Court finds that the Judgment establishes all of the elements necessary to find that the debt arising from the Judgment is nondischargeable under § 523(a)(2)(B).

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Summary Judgment will be granted. A separate judgment consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bank. P. 9021.

**ENTERED** this 24th day of November 2009.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Ted. L. Tinsman
Joseph D. Woodcock

---

[8] 11 U.S.C. § 522(a)(2)(B).

[9] *Id*. (emphasis added).